
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ISSAM ELIE KNICKERBOCKER, | Nos. 20-15624 |
| | 20-16086 |
| Plaintiff-Appellant, | |
| | D.C. No. |
| v. | 1:16-cv-01811-DAD-JLT |
| UNITED STATES OF AMERICA; NICOLE GRUVER; BRIAN DREW, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted September 3, 2021**
San Francisco, California

Before:  SCHROEDER, RAWLINSON, and BYBEE, Circuit Judges.

Issam Knickerbocker appeals the district court's grant of summary

judgment to defendants United States of America, and Rangers Nicole Gruver and

Brian Drew on Knickerbocker's excessive force and unlawful seizure claims under

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

42 U.S.C. § 1983, and his state law claims. All stem from the Rangers' arrest of Knickerbocker in Death Valley on February 20, 2016. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review the district court's summary judgment decision de novo. *See Brunozzi v. Cable Commc'ns, Inc.*, 851 F.3d 990, 995 (9th Cir. 2017). We affirm.

1. Knickerbocker argues that the Rangers' arrest of him involved excessive force in violation of the Fourth Amendment. To determine if an officer's use of force is reasonable, we look to "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them." *Graham v. Connor*, 490 U.S. 386, 397 (1989) (citations omitted). Here, the actual events are not disputed as they were recorded on videos taken by the Rangers' body cameras. The Rangers had a cognizable interest here in handcuffing Knickerbocker. In the relatively isolated Death Valley environment, the two Rangers were outnumbered by Knickerbocker and his two friends, all standing at least six feet tall and weighing over 240 pounds.

As the district court observed, the videos show that the Rangers used a minimal level of force in handcuffing Knickerbocker. He was handcuffed behind his back for no more than an hour. During that time, the Rangers checked Knickerbocker's comfort level and made adjustments, including attaching a second

2

set of handcuffs for mobility.  Knickerbocker's complaints of excruciating pain are simply not reflected in the video footage of the arrest.  The Rangers' use of force was objectively reasonable, and the district court thus properly granted summary judgment to the defendants on this claim.

2.  Knickerbocker also claims that the Rangers' stop constituted an unlawful seizure in violation of the Fourth Amendment.  Even assuming the pre-arrest questioning constituted an investigative stop under *Terry v. Ohio*, 392 U.S. 1 (1968), the Rangers had reasonable suspicion of illegal activity.  Knickerbocker and his two companions were outside their vehicle, appeared to be looking for something, and the vehicle had a drone controller on the roof.  It is illegal to fly drones in Death Valley National Park.  That one of the companions admitted to owning and operating the drone does not preclude the likelihood that Knickerbocker participated in the illegal drone operation.  The Rangers had reasonable suspicion to question Knickerbocker and to run his identification.  Once the identification check uncovered an outstanding warrant, the Rangers had probable cause for the ensuing arrest.

Knickerbocker argues that the arrest stems from an unlawful seizure and was thus unlawful as "fruit of the poisonous tree."  This argument fails for several reasons, including that there was no unlawful seizure, and that the "fruit of the

poisonous tree" doctrine does not apply in this civil context in any event. *See*

*Lingo v. City of Salem*, 832 F.3d 953, 958–59 (9th Cir. 2016).

3.  Finally, Knickerbocker appeals his state law claims alleging negligence and battery.  The Rangers' use of force was reasonable, and these claims thus fail as a matter of law.  *See Hayes v. Cty. of San Diego*, 736 F.3d 1223, 1232 (9th Cir. 2013);  *Bowoto v. Chevron Corp.*, 621 F.3d 1116, 1129 (9th Cir. 2010).

**AFFIRMED.**